[Civ. No. 1990.    First Appellate District.—October 28, 1916.]

ALBERT E. GOLDEN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

JUDGMENT—SALE OF STOCK BY PLEDGEE—STRIKING OUT OF INJUNCTIVE ORDER—LACK OF JURISDICTION.—Where in an action involving the ownership of certain shares of stock in the possession of the defendant, it is apparent from the pleadings and the findings that the purpose of the action was to have it declared that the defendant held the stock as pledgee, and to prevent him in the meantime from making an absolute sale of it, the court has no jurisdiction to entirely strike from the judgment rendered the provision enjoining the defendant from making any sale of the stock to any person save the plaintiff, but it has the right to modify the phraseology of the injunctive part of the judgment to the extent of making it clear that the defendant might sell the stock as pledgee, and in no other way.

APPLICATION originally made in the District Court of Appeal for the First District for a Writ of Review to set aside an order striking from a final judgment an order for an injunction.

The facts are stated in the opinion of the court.

James H. Boyer, for Petitioner.

T. C. West, for Respondent.

THE COURT.—This is an application for a writ of review directed against the superior court of the city and county of San Francisco, for the purpose of having set aside and annulled a certain order of that court, by which a final judgment, after its affirmance by the district court of appeal, was modified in a material respect, by striking therefrom an order for an injunction, restraining the defendant in that action from making a sale of certain stock. The action had been brought for the purpose of having declared that the defendant held certain shares of stock as pledgee, the stock having been given as security for a loan of $1,125. The defendant, appearing by answer, set up the claim that he was the owner of the stock absolutely. The court, however, decided against him

on that issue, made its findings accordingly, and entered a judgment that the plaintiff should have the stock surrendered to him upon payment to the defendant of the sum of $1,125, the amount of the loan; and as a part of the judgment the court enjoined the defendant from making any sale of the stock to any person save the plaintiff. The judgment was appealed from, and was affirmed by the district court of appeal of the second district, and a petition to the supreme court for a rehearing was denied. Subsequently, when the *remittitur* went down, the defendant went into the court below and moved that the judgment be modified by striking therefrom the order for injunction; which motion the court granted upon the theory that the judgment originally was a conditional one, that is to say, that the note representing the loan and the stock involved in the suit should be surrendered to the plaintiff and the note canceled upon condition that he pay the sum of $1,125, and that the plaintiff not having made said payment within a reasonable time the court was justified in striking out from the judgment that part of it relating to the injunction.

The court, we think, was in error in believing that it was a conditional judgment. As stated before, the action was simply one to have declared a lien upon the stock that had been pledged to the defendant, and to prevent the defendant in the meantime from making an absolute sale of it. That purpose was plainly indicated by the complaint, the answer, and the findings of the court. While the judgment is too broad in the sense that it prevents a sale of any kind, the very evident intent of the action was to prevent a sale by the defendant save and except as a pledgee, and the court below would have had a right to modify the phraseology of the injunctive part of the judgment to the extent of making it clear that the defendant might sell the stock as a pledgee and in no other way; but in striking out the injunctive part of the judgment entirely it made a material modification of the judgment itself, and thereby deprived the defendant in that action of a very substantial right which he had secured by the litigation. This the court had no jurisdiction to do, and for that reason we are of the opinion that the order complained of should be annulled, vacated and set aside.

It is so ordered.