[Civ. No. 5844. First Appellate District, Division One.—April 6, 1927.]

HAROLD WHEELER et al., Petitioners, v. THE SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Respondents.

[1] INJUNCTIONS—EQUITY—MODIFICATION — CONTINUING JURISDICTION.
As an essential part of their equity jurisdiction, courts of equity
have the right and power to retain control over their own in-
junctions so that they may modify or suspend them as equity
should require, at least where the right is reserved in the order
granting the same.

[2] ID.—RESERVATION OF JURISDICTION—VARIANCE WITH MINUTE OR-
DER.—In an injunction proceeding, a provision in the formal writ-
ten order for a preliminary injunction purporting to reserve juris-
diction in the court to modify or suspend the same is not rendered
ineffective by reason of the fact that the minute order as en-
tered by the clerk recites that the application is granted, and
makes no such reservation, but it is apparent that such minute
entry is but a memorandum of the court's intention to sign a
written order for an injunction when the same is properly pre-
pared and presented, and such minute entry is incomplete and
lacks the essential elements of an order, in that it leaves the
terms and extent to be determined later by a written order, and
a written order containing those elements, and also containing a
provision purporting to reserve jurisdiction, is prepared and signed
and the injunction is based thereon.

[3] ID.—ORDER FOR INJUNCTION—SUFFICIENCY OF MINUTE ENTRY.—
While in some instances orders may rest upon the clerk's minutes,
others require some formulation by the judge, and this is par-
ticularly so in injunctions, as an injunction should contain suffi-
cient information on its face to apprise the party upon whom it
is served of. what he is restrained from doing.

[4] ID.—DISSOLUTION OF PRELIMINARY INJUNCTION—RESERVATION OF
JURISDICTION.—Where an order granting a preliminary injunction
provides that such order "is made without prejudice to the right
of the defendants, at any time hereafter to move to vacate the
injunction whenever so advised," the court has full power, and it
is its duty, to entertain a subsequent motion by the defendants
to dissolve and vacate such preliminary injunction.

---

(1) 32 C. J., p. 431, n. 38, p. 433, n. 74; 38 C. J., p. 653, n. 58.
(2) 32 C. J., p. 367, n. 43.   (3) 21 C. J., p. 649, n. 78, p. 661, n. 65;
32 C. J., p. 369, n. 54.   (4) 32 C. J., p. 393, n. 81.

1.   See 14 Cal. Jur. 282.
3.   See 14 Cal. Jur. 913.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco, and Geo. H. Cabaniss, Judge thereof, to entertain a motion to dissolve a preliminary injunction. Writ granted.

The facts are stated in the opinion of the court.

Walter E. Hettman and Harold Wheeler for Petitioners.

Sapiro & Hayes for Respondents.

TYLER, P. J.—Petition for alternative writ of *mandamus*. It is alleged therein, in substance, that on the twenty-first day of September, 1926, the California Prune and Apricot Growers Association, a corporation, as plaintiff, filed in the superior court of Tehama County a verified bill in equity against petitioners wherein said plaintiff claimed that, under and by virtue of a certain written agreement dated April 28, 1921, said plaintiff was entitled to have and receive from said defendants, petitioners herein, all of the crops of dried prunes which defendants should harvest and dry on their property, known as the Sycamore Ranch, in Tehama County, during the years 1922 to 1928, inclusive; the complaint further alleges that said defendants had failed and refused to deliver to plaintiff their dried prunes of the crops of 1924 and 1925, and had sold the same to persons other than plaintiff, in violation of said written agreement, and that, unless restrained by order of said superior court, defendants would sell their crops of 1926, 1927, and 1928 to persons other than plaintiff; that such sales would cause the plaintiff great and irreparable injury unless the superior court should grant to plaintiff the specific performance of the written agreement, together with an injunction to prevent the sale of the prunes for the years stated, to any person other than plaintiff. In the complaint judgment was prayed for requiring and ordering defendants to perform and carry out their agreement. That upon the filing of the complaint the plaintiff in said cause obtained from the superior court an order to show cause and temporary restraining order dated September 21, 1926, requiring the defendants to show cause on the twenty-eighth day of September,

why a preliminary injunction should not be issued against defendants as prayed for, and meanwhile enjoining and restraining them from selling the crops. This order was never served on either of the defendants, nor were they served with summons in the action until after the time fixed in the order to show cause. That at the time fixed, on September 28, 1926, the matter came on regularly for hearing and it was continued until October 11, 1926. No further proceedings upon said order of September 21, 1926, and no hearing thereon, was ever thereafter had or taken in said cause. Subsequently, on October 2, 1926, upon an *ex parte* application made by said plaintiff, the superior court made and issued a second order of the same character, which second order was addressed to petitioners as defendants in said suit, and was based solely upon the complaint hereinabove referred to. That said suit was thereafter duly transferred to the Superior Court of the City and County of San Francisco, and it is still pending in that court. No answer has as yet been filed by the defendants, petitioners herein. The second order to show cause came on regularly for hearing on November 6, 1926, the plaintiff and defendants being represented by their respective attorneys. The matter was thereupon heard by the court and submitted for determination. The court then orally announced from the bench that, as it saw no reason why the suit could not be brought to issue and tried on its merits within the following two or three weeks, it would *pro forma* grant a preliminary injunction against the defendants and would later on after the trial of the cause upon its merits consider the various points and authorities that had been submitted at the hearing in support of or against the granting of such preliminary injunction. Thereafter, on November 16, 1926, pursuant to said oral announcement of November 6, 1926, the court signed a written order of preliminary injunction in the matter, said order having been prepared by the attorneys for plaintiff. This order was duly filed and served upon the defendants therein. The order of preliminary injunction carried with it the reservation that *"this order is made without prejudice to the right of the defendants, at any time hereafter, to move to vacate the injunction hereby granted whenever so advised."* This reservation, so it is alleged, had been in-

serted in the order upon the express direction of the trial court, and was made with the intention and for the purpose of expressly reserving to said court the rights to vacate the injunction, if it should thereafter be shown that its continuation would be inequitable or improper. Thereafter petitioners herein, as defendants in said suit, duly served and filed a notice of motion to dissolve and vacate the preliminary injunction. The matter came on regularly for hearing, whereupon, and before said motion could be heard, counsel for plaintiff objected to any hearing of the motion on the ground that the court had no jurisdiction to hear the motion or to vacate or dissolve the preliminary injunction theretofore issued. The objection of plaintiff's counsel was argued and submitted to the court for determination and the judge thereof delivered his oral opinion in which he sustained the objection of plaintiff's counsel and declared that he would refuse to hear or consider the motion to vacate, solely for the reason that said Superior Court had no power of jurisdiction so to do. That the facts and grounds upon which petitioners, as defendants in said suit, moved the court to vacate the preliminary injunction are fully set forth in an affidavit of Harold Wheeler, one of the defendants, from which it clearly appears, so it is alleged, that if the motion should be heard and considered, there are good and sufficient reasons, in equity and good faith, why said motion should be granted and the injunction dissolved; that the refusal of said court to hear and consider the motion was an abuse of discretion which · constituted error at law, and that unless said motion is heard petitioners will be irreparably injured, and will have no speedy or adequate equitable remedy. It is accordingly contended that the court erred in holding that it was without power to hear or consider defendants' motion to vacate the preliminary injunction. It is further contended that the superior court of Tehama County likewise had no jurisdiction or power to issue the second order to show cause, having exhausted its power and jurisdiction in this regard by its issuance of the first order, and that inasmuch as the preliminary injunction of November 16, 1926, rested wholly upon said second order to show cause, said preliminary injunction was, therefore, not within the power or jurisdiction of the court and should therefore be vacated and set aside.

Petitioners, in support of their application for the writ, claim that the Superior Court's ruling was based essentially on the decisions of our Supreme Court in the case of *United Railroads* v. *Superior Court*, 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129], and subsequent cases to the effect that when a provisional injunction has been granted on notice, and opportunity to be heard, it may not be subsequently vacated or modified, pending trial on the merits, as the decision having been once made the power of the court is exhausted and the sole remedy is by appeal. See, also, *Eisenberg* v. *Superior Court*, 193 Cal. 575 [226 Pac. 617]; *Ots* v. *Superior Court*, 10 Cal. App. 168 [101 Pac. 431]; *Humphrey* v. *Buena Vista Water Co.*, 2 Cal. App. 540 [84 Pac. 296]. In no one of the cases, however, did the injunctive order of the lower court contain any clause by which the court reserved to itself, as here, the right to vacate or modify the order. It is, accordingly, contended by petitioner that the authorities cited and relied on by respondent, is as far as the decisions can go without giving to section 527 et seq. of the Code of Civil Procedure a meaning that would make those sections unconstitutional as divesting the court by an act of the legislature of the equity jurisdiction conferred on it by the state constitution. Respondents herein contend that the granting of the provisional injunction with the reservation that "the order is made without prejudice to the right of the defendants, at any time hereafter to move to vacate the injunction whenever so advised" did not constitute a reservation in the court of a power to vacate, modify, or otherwise disturb the temporary injunction theretofore granted upon notice and the provision inserted did not waive any effect of the statutory provisions denying such a right to the petitioners. They also contend that the temporary injunction having been granted upon notice, the court was without any authority whatsoever or jurisdiction to entertain a motion to vacate, modify, or disturb the same, and could not under our practice make any reservation in its order so as to grant the right to make such a motion. Counsel for respondents further urge the contention that assuming for the purpose of argument that the clause did constitute an attempted reservation of a right to modify the injunction, such attempted reservation was void, as the

court had no authority to modify the order granting the temporary injunction as evidenced by a minute order made by the courtroom clerk under date of November 6, 1926, after the court had orally announced that it would grant an injunction. In support of the first two contentions that under the law in California the court had no power to include the "without prejudice" clause in the order as the statute does not confer any right upon them to move to dissolve, for the reason that it was granted upon notice, and that the clause, therefore, has no operative effect even though it be assumed that there was an attempted reservation, we are cited to *United Railroads* v. *Superior Court*, 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129], and the other cases hereinabove referred to as supporting this rule. As above indicated, in none of these cases was there any attempted reservation. An exhaustive discussion of the inherent powers of the English chancery courts to suspend or stay injunctions is contained in *Tulare Irr. Dist.* v. *Superior Court*, 197 Cal. 649 [242 Pac. 725]. It is unnecessary, however, for us to advert to such powers. Mr. Justice Shenk, the author of that opinion, in discussing the effect of *United Railroads* v. *Superior Court*, distinctly points out that there is a strong intimation contained therein, that if the order of preliminary injunction there granted had contained a provision reserving to the court the rights to revoke or modify the preliminary injunction which it was then ordering, such power could have been reserved. While refusing to pass upon the exact question here presented, the learned author states that the intimation fortifies the conclusion that the only theory upon which that case was decided was that in view of our statutory provisions regulating and providing a full and complete system of law and procedure as to the granting, refusing, modifying, and dissolving temporary injunctions, without reserving to itself the right to revoke or modify such an injunction, the court's power in the premises had spent its force and been exhausted, but that this result does not follow when the right of modification is reserved. The same intimation is contained in *American Trading Co.* v. *Superior Court*, 192 Cal. 770 [222 Pac. 142]. Text-writers on this subject make the same distinction that was made in the cases above cited be-

tween injunctions that reserve the right to vacate the same and those that contain no such reservation. (14 Cal. Jur. 282.)

[1] We are of the opinion that as an essential part of their equity jurisdiction courts of equity have the right and power to retain control over their own injunctions so that they may modify or suspend them as equity should require, at least where the right is reserved in the order granting the same. Without such power it is clearly evident that great injustice might result. The granting and keeping ₁in effect an injunction might cause as great an injury to a defendant as its denial might cause to the plaintiff. Here it is claimed that the crops belonging to petitioners, and amounting in value to the sum of $10,000, are in great danger of becoming a total loss through moulding, if not disposed of promptly. Nor do we consider that there is any merit in the remaining contention of respondent. [2] Counsel attempts to avoid the effect of the reservation clause of the court's order of November 16, 1926, by claiming that such order was not the order for the injunction, but that the order upon which it was based was the minute entry made by the clerk under date of November 6th, when the court orally announced from the bench that it would grant injunction. This minute entry, it is true, makes no reservation of a right to the defendant to move later for the dissolution of the injunction, but it is plainly manifest that the provisional injunction was not based upon the minute entry. The order as entered by the clerk reads as follows: ''Ordered, application for temporary injunction granted. Bond fixed in the sum of $10,000.00.'' This entry by the clerk was but a memorandum of the court's intention to sign a written order for an injunction when the same was properly prepared and presented. The minute entry lacked the essential elements of an order since it left the terms and extent to be determined later by a written order. A written order was in fact prepared and presented, whereupon the court amended it by inserting the provision in question. The written order as signed was clear and definite as to its terms. The minute order was incomplete and it would have been impossible to have procured a writ of injunction *pendente lite* thereon in the terms prayed for or by the order to show cause.

Then again, there was no attempted service of the minute order, and none was made until after the written order was prepared and signed. When so prepared and signed the order enjoined the defendants, naming them, from selling the prunes and then followed the "without prejudice clause" after which it read "Let an injunction issue." It is clearly apparent that the written order was the order upon which the injunction was based, and was so considered by all the parties. [3] It is true that in some instances orders may rest upon the clerk's minutes, but it is also true that others require some formulation by the judge. This is particularly so in the case of injunctions. An injunction should contain sufficient information on its face to apprise the party upon whom it is served of what he is restrained from doing. In ordinary actions at law it is the rule that the signature of the judge is not necessary to the validity of the judgment, but it has been the almost invariable rule in this state for decrees in equity to be so signed. (*Tulare Irr. Dist.* v. *Superior Court, supra.*) There are many judgments whose entry involves nothing more than clerical or ministerial duties, such as a judgment for the recovery of specific real or personal property, or a fixed amount of damages, or one which is rendered generally that the plaintiff is not entitled to recover from the defendant. In such cases the mere order for judgment is all that is needed for the clerk, but in many other actions, and especially those of an equitable nature, the form of the judgment and the character of relief that is to be granted, are as much a subject for the exercise of judicial power as is the determination of the party in whose favor judgment is to be rendered. (*Broder* v. *Conklin,* 98 Cal. 360 [33 Pac. 211].) The distinction between oral orders that are full and sufficient in themselves and those that have to be followed up by fuller written orders to dispose completely of the matter, is discussed in *Barbee* v. *Young,* 79 Cal. App. 119 [249 Pac. 15], and *Brown* v. *Superior Court,* 70 Cal. App. 732 [234 Pac. 409].

Upon this subject we are of the opinion that the written order is the order upon which the injunction was based. [4] That order containing a reservation of modification the lower court has full power and it is its duty to entertain the motion in question. It is therefore ordered that the alter-

82 Cal. App.—14

native writ heretofore issued be made peremptory, requiring respondent to hear and determine defendant's motion to dissolve the attachment.

Knight, J., and Cashin, J., concurred.