[L. A. No. 13438. In Bank.—June 30, 1932.]

WUTCHUMNA WATER COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF TULARE COUNTY et al., Respondents.

Walter M. Gleason, Norman J. Ronald, Humphrey, Searls, Doyle & McMillan and Morgan J. Doyle for Petitioners.

W. R. Bailey and Farnsworth, Burke & Maddox for Respondents.

THE COURT.—This is a proceeding in *certiorari* to review a conviction of contempt imposing a fine of $500 on petitioner Wutchumna Water Company and a fine of $50 each on petitioners Heberling and Huff.

The judgment of contempt is based on petitioners' violation of a preliminary injunction granted upon the application of plaintiffs in an action to restrain an alleged unlawful diversion of the waters of the Kaweah River by petitioners and others who were named as defendants in said action. It is petitioners' contention that said injunction is void. No one may be punished for contempt for disobedience of a void order. (*Harrison* v. *Hebbard*, 101 Cal. 152 [35 Pac. 555]; *Maier* v. *Luce*, 61 Cal. App. 552 [215 Pac. 399]; 14 Cal. Jur. 281; 5 Cal. Jur. 918.)

The judge who found petitioners guilty of contempt also heard the application for an injunction. He did not sign a written order therefor, but on May 20, 1929, the clerk, in pursuance of proceedings had at the hearing, entered in her minutes an order for the issuance of a preliminary injunction which on its face is complete and regular in all respects unless, as petitioners contend, an order for an injunction is required to be signed by a judge. Petitioners also make the point that the minute order is void because it does'not correspond to the oral pronouncement of the judge. They allege in their petition for review that at the conclusion of the hearing the judge merely said: "The injunction will issue. Bond in the sum of $75,000. Usual conditions of course." The order as entered in the minutes is complete in detail and follows substantially the notice of motion for an injunction, restraining diversions by petitioners in excess of specified quantities depending on the flow of said Kaweah River.

The presumption is that the minute order correctly records the judgment of the court. Petitioners' allegation as to the statement made by the court upon the conclusion of the injunction hearing is unsupported by the record before us. However, for the reason that the court in the contempt proceeding refused to permit petitioners to'introduce in evidence the transcript of the injunction hearing, from which the oral pronouncement of the court would have appeared, and for the further reason that respondents' briefs virtually admit the correctness of said allegations, we prefer to dispose of the case as if they found support in the record.

It has been declared to be the "almost invariable rule" that decrees in equity are signed by the judge. (*Wheeler* v. *Superior Court,* 82 Cal. App. 202 [255 Pac. 275].) This practice is due in part to the fact that such decrees may be of considerable length and complexity, and their careful formulation is as much a part of the court's decision as the indication of the party in whose favor the decision is to be rendered. But where the judge is satisfied that relief upon an application for a preliminary injunction may be granted in the language of the prayer or motion, there is no rule, statutory or otherwise, which requires that he make and sign a decision in writing. The entry of his

order, announced orally in open court, in the clerk's minute-book makes the decision a matter of record.

■ Whether remarks made at the conclusion of a hearing are a rendition of the court's decision, on the matter before it, or a mere announcement or memorandum of the decision which the court contemplates making by signed order, depends on the intention of the court. (14 Cal. Jur. 856; 1 Freeman on Judgments, p. 81.) It is vital that parties should not be misled to their prejudice by remarks of an equivocal nature. There is no precise formula in which the direction must be given to the clerk to enter an order for an injunction according to the terms of the applicant's prayer. ■ That the judge in the instant case intended his oral pronouncement at the injunction hearing to constitute his decision on the application, is placed beyond the realm of speculation by his remarks while presiding at the contempt hearing now before us. That the applicants for the injunction thus understood it is evidenced by the fact that on June 20, 1929, they filed an undertaking and obtained a writ of injunction upon the clerk's minute order and caused it to be served on petitioners. Petitioners assert for the first time upon this review of the contempt judgment that the oral pronouncement was a mere indication of a decision to be thereafter rendered by signed decree. After the issuance of said injunction they made no attempt to have the minute order declared void. Instead they made objections to the sureties on the injunction bond, a number of which were sustained. Petitioner Wutchumna Water Company, in its answer to the affidavits initiating the contempt proceeding, claimed that the minute order did not correctly record the decision of the court in that it did not reserve to the court the right to dissolve the injunction at any time, and on the contempt hearing petitioners sought to have it modified in this respect, thereby conceding that the oral pronouncement of the court had a judicatory effect. They did not allege that the oral pronouncement of the judge was not intended to be the decision of the court.

■ In support of the injunction order it must be presumed that the phrase ''usual conditions'' was intended to refer to the conditions of the undertaking in the sum of

$75,000. Said undertaking was required to contain the usual conditions, which are those prescribed by statute.

*Wheeler* v. *Superior Court, supra,* relied on by petitioners, is a case where remarks of the court, similar to those in the case herein, were intended by the court, and understood by all parties to be preliminary to a signed decree. It was properly held in that case that the signed decree was the judgment of the court.

If the minute order as entered in the case herein failed to conform to the true judgment of the court in that it contained no reservation of a right to dissolve the preliminary injunction, the judgment or decision was not thereby rendered void, but petitioners' remedy was to obtain an amendment or correction of the minute order by appropriate proceedings in order that the judgment should speak the truth. (*Halpern* v. *Superior Court,* 190 Cal. 384 [212 Pac. 916]; *Takekawa* v. *Hole,* 170 Cal. 323 [149 Pac. 593]; *San Francisco* v. *Brown,* 153 Cal. 644 [96 Pac. 281]; *Kaufman* v. *Shain,* 111 Cal. 16 [52 Am. St. Rep. 139, 43 Pac. 393]; *People* v. *Ward,* 141 Cal. 628 [75 Pac. 306]; 1 Freeman on Judgments, pp. 84, 287, 298.) As a matter of fact, an order making this correction subsequent to the contempt hearing has been made a part of the record presented to us.

Nothing herein said is in conflict with *Maier* v. *Luce,* 61 Cal. App. 552 [215 Pac. 399], and *Cosby* v. *Superior Court,* 110 Cal. 45 [42 Pac. 460], which stand for the rule that no one may be held guilty of a constructive contempt for refusing to comply with a mere verbal announcement of a direction or order which has no existence of record in the minutes of the court or otherwise. In the case herein there is no variance between the contempt decree and the order for an injunction as recorded in the minutes. The fact that the order as recorded may have improperly omitted a reservation of a right to dissolve the injunction, did not release petitioners from complying with the main body of the order, which correctly set forth the direction of the court.

Petitioners also contend that the injunction is void for the additional reason that when the injunction matter came on for hearing on May 20, 1929, six days after the notice of motion therefor had been filed, the court denied petitioners' request for a continuance supported by an affi-

davit by one of their counsel that he had been unable to properly prepare his client's opposition due to the press of other important business. Petitioners cite section 527 of the Code of Civil Procedure, as requiring the allowance of one continuance as a matter of right. As we read said section, the provision for a continuance would seem to refer to a hearing of an application for a preliminary injunction upon an order to show cause after the granting of a temporary restraining order. In such a situation the applicant for the injunction has the protection of the temporary restraining order while the continuance is in effect. In the case herein a temporary restraining order had not been issued.

There remain to be considered the questions of the sufficiency of the affidavits initiating the contempt proceedings, and the sufficiency of the evidence to establish the commission of a contempt. ■■■ The principle that the affidavit or affidavits upon which the contempt proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting a contempt, the court is without jurisdiction to proceed, and the order of contempt is void and will be annulled on *certiorari*, has found frequent expression in decided cases. (*Hotaling* v. *Superior Court*, 191 Cal. 501 [29 A. L. R. 127, 217 Pac. 73]; *Hutton* v. *Superior Court*, 147 Cal. 156 [81 Pac. 409]; *Strain* v. *Superior Court*, 168 Cal. 216 [Ann. Cas. 1915D, 702, 142 Pac. 62]; *Lindsley* v. *Superior Court*, 76 Cal. App. 419 [245 Pac. 212]; *In re Lake*, 65 Cal. App. 420 [224 Pac. 126].)

■■■ The contempt proceedings herein are based on the affidavits of E. F. Hart, president of the Consolidated Ditch Company, one of the plaintiffs in the suit wherein the injunction was obtained, and of H. H. Holley, an hydraulic engineer, who installed a water measuring device for the Wutchumna Water Company in 1920 near its diversion canal, and has kept measurements of the flow of the Kaweah River and of the diversion made by the Wutchumna Water Company into its said canal continuously since that time. We regard said affidavits, considered together, as setting forth the requirements specified by petitioners as essential to the commission of a contempt, to wit, that water was diverted into the Wutchumna canal in excess of the schedule set forth in the preliminary injunction; that the accused

made said diversions or permitted them to be made; that the accused knew that water in excess of the amount permitted by the temporary injunction was being diverted.

Said affidavits are not subject to the criticism that they contain only conclusions of law. The allegations in the Hart affidavit that petitioners knowingly and intentionally violated the injunction, clearly characterizes the acts of diversion set forth with more particularity in the allegations immediately following as having been done knowingly and intentionally in violation of the injunction. The Hart affidavit avers that at all times when the flow of water in said river did not exceed 1,000 cubic feet of water per second, petitioners diverted more than ten per cent (amount allowed by injunction), and at all times when the flow was more than 1,000 cubic feet, but less than 2,000 cubic feet, they diverted more than 100 cubic feet per second (amount allowed by injunction). It does not aver at what times the flow was under 1,000 feet, and between 1,000 and 2,000 cubic feet. Petitioners object that the allegation is consistent with the fact that the flow at all times exceeded 2,000 cubic feet per second. We do not so regard it. Furthermore, the Holley affidavit supplements the Hart affidavit by setting forth the flow of the stream and the amount of the diversion on all days between June 21st and July 10th, the period covered by the affidavits. It appears therefrom that on seventeen days the flow was under 1,000 cubic feet per second, and on three days over 1,000 cubic feet, but under 2,000 cubic feet, and that on all of said dates petitioners made an excessive diversion. The combined effect of the affidavits is to charge petitioners with responsibility for the diversion. We do not regard the allegations of the Holley affidavit as being insufficiently positive because Holley described therein the instruments and methods by which he measured the flow of the stream and the diversion without specifically averring that said instruments and methods gave true and accurate measurements.

As to the question of the sufficiency of the evidence to establish the commission of a contempt, petitioners admit that there is a conflict in the evidence as to whether there was a diversion in excess of the injunction schedule, and in this situation the conclusion of the trial court is final. They contend, however, that there is no evidence to prove

the intent to divert in excess of the injunction schedule. In our opinion the evidence fully sustains the judgment of contempt. It would serve no purpose to review it at greater length.

The judgment is affirmed.

Rehearing denied.