[Sac. No. 5320. In Bank.—August 19, 1940.]

THE PEOPLE, Respondent, v. BLACK'S FOOD STORE et al., Appellants.

THE PEOPLE, Respondent, v. GREEN FROG FOOD EMPORIUM et al., Appellants.

Levinsky & Jones, Jones & Quinn, Gilbert L. Jones and Jack J. Miller for Appellants.

F. C. Clowdsley, District Attorney, and Maxwell M. Willens, Assistant District Attorney, for Respondent.

THOMPSON, J., *pro tem.*—The above-entitled cases were consolidated for trial. Each complaint charges the defendants, as merchants, with unlawfully selling products for less than cost ''for the purpose of injuring competitors and destroying competition'', contrary to section 3 of the Unfair Practices Act of California, as amended in 1937. (Stats. 1937, p. 2395; 2 Deering's Gen. Laws of 1937, p. 4157, Act 8781.) Upon the hearing of a notice to show cause, at which time evidence was adduced, the court, in the exercise of its discretion, issued

preliminary injunctions under the provisions of section 527 of the Code of Civil Procedure. From the orders granting the preliminary injunctions the respective defendants have appealed. The records are presented on a bill of exceptions. The only question involved is whether the court abused its discretion in granting the orders for preliminary injunctions.

Since the evidence which was adduced upon the applications for preliminary injunctions is conflicting and there was no showing that the temporary injunctions will result in unusual detriment to the defendants, we may not hold that the court abused its discretion. It has been held upon sound principle that the legislature has the authority, under its police powers, to regulate business for the general welfare of the public, by prohibiting merchants from selling products below cost "for the purpose of injuring competitors or destroying competition". (*Wholesale Tobacco Dealers Bureau of Southern California, Inc.,* v. *National Candy & Tobacco Co.,* 11 Cal. (2d) 634 [82 Pac. (2d) 3, 8, 118 A. L. R. 486].)

The title to the Unfair Practices Act, as amended, sufficiently embraces the subject-matter included therein to conform to article IV, section 24, of the Constitution of California.

The authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony or affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on appeal, except for an abuse of discretion. (*Kendall* v. *Foulks,* 180 Cal. 171 [179 Pac. 886] ; *Metropolitan Laundry Co.* v. *Greenfield,* 20 Cal. App. (2d) 246 [66 Pac. (2d) 722] ; 14 Cal. Jur. 180, sec. 7; 32 C. J. 29, sec. 11; 14 R. C. L. 312, secs. 11 and 12.)

In the present case the applications for temporary injunctions were heard on the verified complaints which specifically allege that the merchandise was sold below cost "for the purpose of injuring competitors and destroying competition". Representatives of the defendants testified that they did sell, offer for sale and advertise the goods in question "at prices below their invoice or replacement cost", but that they did so merely "to increase the volume of our business", and that they had no intention of thereby "injuring competitors" nor

did they "intend to destroy competition". The evidence in this case therefore created a mere conflict on the material issue regarding the intention with which the goods were sold below cost. A sound discretion was therefore conferred upon the trial court to grant or deny the preliminary injunctions. It does not appear that discretion was abused. The orders do not determine the merits of the controversies. They have the effect of merely maintaining the *status quo* until the cases are decided on their merits.

The orders are affirmed.

Shenk, J., Curtis, J., Carter, J., Spence, J., *pro tem.*, and Gibson, C. J., concurred. Houser, J., concurred in the judgment.

Rehearing denied.