[L. A. No. 17770. In Bank.—May 29, 1941.]

SONTAG CHAIN STORES CO., LTD. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Loeb & Loeb for Petitioner.

J. H. O'Connor, County Counsel, Douglas DeCoster, Deputy County Counsel, and Rosecrans & Emme for Respondent.

EDMONDS, J.—Some months after a decree enjoining picketing of the petitioner's place of business had become final, the labor unions, who were the defendants in that action, moved the superior court to vacate or set it aside. When the court indicated its intention to entertain the motion and act upon it, the petitioner filed the present proceeding in prohibition, asserting that the decree is a final judgment which may not now be vacated or modified. An alternative writ issued, and the question for decision concerns the jurisdiction of the superior court to hear and determine the motion pending before it.

The decree followed a labor controversy which included attempts by picketing and other means to compel the unionization of petitioner's places of business. It permanently enjoined the defendant labor unions from picketing or creating any disturbance in the vicinity of petitioner's stores; from threatening, intimidating or coercing petitioner's employees; from representing that a labor dispute existed between petitioner and the employees; and from otherwise interfering or inducing others to interfere with petitioner's conduct of its business. The motion to vacate it was made upon the ground that subsequent to its entry, this court declared labor unions have a right to picket peacefully in an effort to obtain a contract for a closed shop (*C. S. Smith Metropolitan Market Co., Ltd.*, v. *Lyons et al.*, 16 Cal. (2d) 389 [106 Pac. (2d) 414]); therefore the decree, which restrained all picketing, is in excess of the jurisdiction of the court and is void.

Upon the points and authorities submitted in support of its demurrer to the petition for a writ of prohibition, the respondent court takes the position that if the entire judgment should not be vacated, a writ issued by this court could prohibit the vacation of any provisions of it "except paragraphs (a), (b) and (c) thereby leaving stand that part . . . restraining intimidation . . . but permitting peaceful picketing. . . . " In answer to this proposition, the peti-

tioner contends that unless the power so to do is reserved in the decree, an injunction which has become final is not subject to later modification or vacation, as the superior court has no jurisdiction to modify, revoke or disturb its judgments except in accordance with the prescribed statutory procedure. It also asserts that the decree in controversy cannot be set aside for mere judicial error, error of law, or change of decision. Such types of error in the rendition of a judgment, petitioner contends, represent only instances of the erroneous exercise of jurisdiction, and not that entire absence or loss of jurisdiction which will make a judgment void.

The issue is therefore one of law only. No change of conditions was alleged as grounds for the motion; in fact it was conceded on oral argument before this court that the labor unions rely entirely upon the ground that the trial court did not correctly apply the law to the facts then before it, or if the decision in *C. S. Smith Metropolitan Market Co., Ltd.,* v. *Lyons et al., supra,* be construed as changing the law, that this change justifies the granting of the motion.

■ As a declaration of the general rule, petitioner's statement is correct. It is well settled that a final judgment of a court of competent jurisdiction may not be impeached collaterally for mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings, even though the error is one of law, and appears on the face of the record (31 Am. Jur., sec. 583, pp. 181, et seq.), and it has frequently been declared that a judicial decree will not be set aside by reason of a change of law resulting from a subsequent decision by a higher court reaching a contrary conclusion (95 A. L. R., note, pp. 708, et seq.). The reason for the rule is that there must be an end to litigation, and hence it is the long established policy of the law to, so far as possible, prohibit the further contest of an issue once judicially decided and to accord finality to judgments.

■ But the reason for the rule ceases and the rule fails to apply in the case of a preventive injunction of the type here under review. This is so because the decree, although purporting on its face to be permanent, is in essence of an executory or continuing nature, creating no right but merely assuming to protect a right from unlawful and injurious interference. Such a decree, it has uniformly been held, is always subject, upon a proper showing, to modification or

dissolution by the court which rendered it. The court's power in this respect is an inherent one. Its action is determined by the facts and circumstances of each particular case, with a view to administering justice between the litigants, and it has the power to modify or vacate its decree when the ends of justice will be thereby served.

Two leading cases on the subject, which note clearly the distinction between "restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative" are *United States* v. *Swift & Co.,* 286 U. S. 106 [52 Sup. Ct. 460, 76 L. Ed. 999], and *Ladner* v. *Siegel,* 298 Pa. 487 [148 Atl. 699, 68 A. L. R. 1172]. In the Ladner case, the court, speaking of decrees within the exception to the general rule, held that such an injunction is executory and continuing as to the purpose or object to be attained, and that a court granting it has the inherent power to vacate or modify it when the circumstances and situation of the parties have so changed as to render such action just and equitable. This inherent power, said the court, may be exercised either where there has been a change in the controlling facts upon which the injunction rested, or the law has been changed, modified or extended, or where there the ends of justice would be served by modification. (See, also, *Washington Water Power Co.* v. *City of Coeur d'Alene,* 24 Fed. Supp. 790, 793; *Kelley* v. *Earle,* 325 Pa. 337 [190 Atl. 140]; 28 Am. Jur., secs. 314, 315, pp. 485, 487; sec. 323, pp. 494, 495.)

In California cases cited by petitioner, language may be found which is at variance with the views above expressed. (See for example, *Ots* v. *Superior Court,* 10 Cal. App. 168 [101 Pac. 431]; *Jellen* v. *O'Brien,* 89 Cal. App. 505 [264 Pac. 1115]; *Golden* v. *Superior Court,* 31 Cal. App. 734 [161 Pac. 758]; *People* v. *Bank of Mendocino County,* 133 Cal. 107 [65 Pac. 124]; *United Railroads* v. *Superior Court,* 170 Cal. 755 [151 Pac. 129, Ann. Cas. 1916E, 199].) But a review of these authorities reveals that, in many instances, the decree under consideration was not of the nature or classification of the one here in question, and also that earlier pronouncements have been modified or distinguished by later rulings. (*Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649

[242 Pac. 725]; *Wheeler* v. *Superior Court*, 82 Cal. App. 202 [255 Pac. 275].) For present purposes it is sufficient to state that no California case is cited which touches the precise point here under discussion, or which is here controlling. The continuing and ambulatory nature of the labor injunction is well described by the United States Supreme Court, in the very recent case of *Milk Wagon, etc.*, v. *Meadowmoor Dairies, Inc*, 312 U. S. 287, 61 Sup. Ct. 552, 85 L. Ed. 497), as follows: "The injunction which we sustain is 'permanent' only for the temporary period for which it may last. It is justified only by the violence that induced it and only so long as it counteracts a continuing intimidation. Familiar equity procedure assures opportunity for modifying or vacating an injunction when its continuance is no longer warranted."

Petitioner does not dispute the fact that under the doctrine of *Smith Metropolitan Market Co., Ltd.*, v. *Lyons, supra*, and associated cases, the present decree of injunction is erroneous. To compel defendant labor unions to seek redress by the indirect method of violation of the terms of the injunction and defense of a contempt proceeding, or *certiorari* or *habeas corpus* to secure relief from a contempt commitment, would be to relegate them to a remedy which is indeed circuitous. (See general discussion in 47 Yale Law Journal, pp. 1136, et seq.) An independent action in equity would be almost as dilatory and cumbersome. Under such circumstances, a motion to vacate the decree is a proper procedure and the labor unions are entitled to a determination of it in accordance with the principles which have been stated. Whether a complete dissolution of the injunction would be warranted, or merely a modification, is a matter of no concern in this proceeding. The respondent court has properly entertained the motion and may, in the exercise of its discretion, grant such relief as it deems expedient. It is to be assumed that it will not abuse its discretion in this respect, but rather that it will reexamine the decree in the light of recent decisions of this court and grant any relief to which the defendants enjoined may be entitled.

The demurrer of respondent is sustained, the alternative writ of prohibition is discharged, and the petition for a peremptory writ is denied.

Gibson, C. J., Traynor, J., and Carter, J., concurred.