[Civ. No. 14510. First Dist., Div. Two. Jan. 22, 1951.]

MARTIN WILMS et al., Respondents, v. P. H. HAND et al., Appellants.

Carl William Anderson and Cyrus J. McMillan for Appellants.

J. W. Coleberd and Richard P. Lyons for Respondents.

SCHOTTKY, J. pro tem.—Defendants appeal from a preliminary injunction restraining them from permitting the dogs harbored and maintained by them at their place of business "from annoying and disturbing the peace and comfort of plaintiffs and such guests as plaintiffs Martin Wilms, Sara Wilms, Earl M. Wilms and Marilyn Wilms may have in the motor court operated by said plaintiffs."

Plaintiffs Wilms operate a motor hotel at Millbrae. In the motor hotel, which faces El Camino Real, a well-known public highway, there are 37 apartments designed for use and occupation by persons as temporary places, and plaintiffs Earl Wilms and Marilyn Wilms also reside there. Defendant P. H. Hand is a veterinarian and he and defendant Anna Lee Hand conduct a dog and cat hospital on property adjacent to said motor hotel.

Plaintiffs commenced an action against defendants alleging, in addition to the facts hereinbefore set forth, that defendants have kept, harbored and maintained between 80 and 100 dogs; that on April 22, 1949, and from day to day thereafter, these dogs barked, howled, yelped and whined intermittently both during the daytime and at night, and have interfered with and disturbed the comfort, rest and sleep of plaintiffs Earl Wilms and Marilyn Wilms and also have disturbed many guests of the motor hotel in their sleep, causing them to leave said motor hotel to the detriment of plaintiffs Wilms. The complaint contained a second cause of action in which the other plaintiffs also alleged annoyance and disturbance caused by the dogs.

Defendants filed an answer in which they alleged that defendant P. H. Hand was a veterinarian and had operated his said business prior to the commencement of the erection of any buildings on land belonging to plaintiffs Wilms; that the number of dogs kept by them in their place of business never at any time exceeded 65; that they had invested more than $80,000 in their improvements and that the improvements have been constructed to prevent escape of any noises; and they denied the allegations of the complaint as to the noise and disturbance, and annoyance.

A hearing was held on plaintiffs' application for a preliminary injunction. Plaintiffs introduced a number of affidavits and also called several witnesses, and the affidavits and testimony substantiated the allegations of the complaint. Stephanie S. Shea, one of the plaintiffs, testified that at a distance of 1,000 feet from defendants' pet hospital she could hear the dogs barking. She testified that "the noise is absolutely terrific. You can't explain it, it is just a perfect bedlam." She stated that she heard it in the morning and in the afternoon and that before the suit was filed she had also heard it at night. The evidence in support of plaintiffs' complaint is so overwhelming that we deem it unnecessary to detail it further.

Defendants introduced 14 affidavits and called one witness. Thirteen of the affidavits were virtually identical in form and substance, the affiants residing at varying distances from defendants' place of business and stating that they did not object to the operation of defendants' business and that they had not been disturbed or annoyed by the alleged noise made by the dogs in defendants' pet hospital; and that it did not interfere with their comfort, rest or sleep. It is worthy of note that none of said affiants state that they did not hear the dogs barking. The affidavit of defendant P. H. Hand stated that the only portion of the pet hospital which had not been soundproofed is the area containing outside runs and that the outside runs are used only between 9:30 a. m. and 3 p. m. This area, according to defendants' witness Albert B. Mann, is 40 feet by 40 feet. The witness, Mann, also testified that defendants' building was soundproofed and that the noise of the dogs barking was not audible outside of the building. He did, however, state on cross-examination, that he had observed as many as 15 dogs in the outside runway and had heard them barking during the daytime.

■ Defendants first contend that the trial court denied them a fair and impartial hearing by rendering its decision before defendants' case was concluded. Defendants state:

"After plaintiffs had called seven witnesses and had concluded their case, and defendants had called only their first witness, the Court announced, 'I am inclined to grant the writ.' Despite the statements of counsel for defendants that witnesses were present in Court to testify on behalf of defendants, the Court refused to allow defendants to proceed and granted the injunction *pendente lite*. Several of the witnesses present resided in close proximity to defendants' place

of business yet they were denied the right to testify as to the effect, if any, of the operation of the pet hospital on the comfortable use and enjoyment of their property.''

This statement is without support in the record and counsel deserves censure for making it. Such statements reflecting upon a trial court should not be made thus lightly. After the cross-examination of defendants' witness Mann had been completed the record shows the following:

''Mr. Coleberd: That is all.

''Mr. Anderson: That is all.

''The Court: I am inclined to grant the writ.

''Mr. Anderson: I would like the record to show that I have presented thirteen affidavits and have witnesses here who will come forward and testify in this court that they live within 50 feet of the premises and they aren't annoyed by these dogs, they don't bother them.

''The Court: That may be.

''Mr. Anderson: I mean as far as the weight of the evidence is concerned. They are people that live within 50 feet of the property and aren't annoyed. Certainly then these complainants——

''The Court: (Interrupting) I don't care about that. Those people may like it. Some people have dogs go to bed with them.''

The record fails to show that defendants were denied the right to have additional witnesses testify but it does show that all defendants expected the witnesses to testify to was what was already contained in affidavits introduced by defendants. All that the court indicated was that upon the evidence before him he was inclined to grant the writ. It is clear to us that defendants were not denied the right to produce further testimony. ■ If an attorney intends to rely upon a contention that he was denied the right to produce further testimony he should make his offer of proof in a proper manner. This defendants' counsel did not do and he should not attempt to blame the trial court for an oversight of his own.

■ Defendants next contend that the court committed prejudicial error amounting to a miscarriage of justice in permitting the introduction of a purported recording without a proper foundation being laid. Plaintiff Earl Wilms testified that he had made a sound recording of the barking of the dogs on a Western Electric machine that he had rented. He produced the record that was made and it was played in court over defendants' objection. Defendants now complain

that sound machines are subject to mechanical manipulation by the operator, amplifying or modifying the sounds that actually were made. The witness testified that the sounds recorded on the machine and played in court were typical of an average day. There was no error in permitting the record to be played, but in any event, in view of all the other evidence, there could be no possible prejudice even if the ruling of the court had been erroneous.

The final contention of defendants is that the court abused its discretion in granting the preliminary injunction.

In *People* v. *Black's Food Store,* 16 Cal.2d 59 [105 P.2d 361], the Supreme Court says at page 61:

"The authorities are numerous and uniform to the effect that the granting or denial of a preliminary injunction on a verified complaint, together with oral testimony of affidavits, even though the evidence with respect to the absolute right therefor may be conflicting, rests in the sound discretion of the trial court, and that the order may not be interfered with on an appeal, except for an abuse of discretion." (See, also, *Kendall* v. *Foulks,* 180 Cal. 171, 174 [179 P. 886]; *Remillard Brick Co.* v. *Dandini,* 47 Cal.App.2d 63, 67 [117 P.2d 432].

Defendants do not question this rule but argue that it was the duty of the court to balance the hardships and if the hardship resulting to the defendants greatly exceeds any benefits which will accrue to the plaintiffs from the granting of temporary relief or any hardship caused by its denial, a preliminary injunction should be denied. Defendants quote from 39 American Jurisprudence 431, which states what is undoubtedly the general rule, as follows:

"Since the granting of a preliminary injunction in nuisance cases rests in the discretion of the court, upon the application for relief of this character, it is clearly the duty of the court to balance the hardships, and, if the hardship resulting to the defendant greatly exceeds any benefits which will accrue to the plaintiff from the granting of temporary relief, or any hardship caused him by its denial, it is the duty of the court to refuse temporary relief and refrain from interfering with the operations of the defendant until there can be had a full and complete hearing on the pleadings and proofs; and, on the other hand, a preliminary injunction may be properly issued whenever the questions of law or fact are grave and difficult, and injury to the moving party will be immediate, certain, and great if it is denied, while the loss to

the opposing party will be trivial if it is granted."

While it is true that courts will often "balance the conveniences" or consider the relative hardships to the respective parties of the granting of a preliminary injunction where the loss to a defendant resulting from the injunction would be entirely out of proportion to the damage suffered by the plaintiff (see Rest., Torts, § 941), this can give little comfort to defendants in the instant case. For it is clear from the evidence that plaintiffs Wilms are suffering substantial damage to their business and are having their peace and comfort disturbed, while if defendants' claim that his soundproof building prevents any noises from escaping is correct, they will suffer little damage from the preliminary injunction because it merely restrains them from permitting the dogs kept by them "from annoying and disturbing the peace and comfort of plaintiffs."

Our conclusion is that there was ample evidence to justify the trial court in granting the preliminary injunction.

The order granting the preliminary injunction is affirmed.

Nourse, P. J., and Dooling, J., concurred.