[Civ. No. 5933.   Fourth Dist.   Dec. 9, 1958.]

SOL BRANKER et al., Petitioners, v. SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent; ROY E. SMITH, Real Party in Interest.

Gabriel Hoffenberg for Petitioners.

No appearance for Respondent.

Thompson & Colegate and H. L. Thompson for Real Party in Interest.

MUSSELL, J.—Petitioners herein seek a writ of mandate requiring the Superior Court of the State of California,

in and for the County of Riverside, to hear and determine on its merits a motion to dissolve an injunction pendente lite in an action pending in said court entitled *Roy E. Smith, Plaintiff,* v. *Sol Branker et al., Defendants,* case Number 67463.

On February 18, 1958, the superior court entered a temporary restraining order in said action and on said date issued an order to show cause why a temporary injunction should not be issued restraining the defendants, pending the trial of the action on its merits, from doing any of the acts set forth in the restraining order issued. The order to show cause was heard and submitted and, on March 27, 1958, the court issued an injunction pendente lite ordering ''. . . [t]hat pending the trial of the above entitled action on its merits, and until final disposition thereof, the defendants Sol Branker, Sam Branker, Leo Branker individually, and Sol Branker, Sam Branker and Leo Branker, doing business as Branker Bros., Western Cattle Feeders, a corporation, Western Cattle Feeders, a corporation, doing business under the name and style of B-W Cattle Co. and Eugene Melinkoff, and each of them, be and they are, and each of them is hereby enjoined from paying to, delivering to, depositing for, or in any manner placing in the hands of the defendants, Sol Branker, Sam Branker, or Leo Branker, or either of them, individually or as co-partners doing business under the name and style of Branker Bros., or in the hands of their agents or employees, any net profit or profits earned or acquired from the sale or disposal of any of the steers now being fed, handled, processed or sold for or on behalf of said defendants Branker, or any or either of them. . . .'' The temporary injunction was denied as to the Bank of America National Trust and Savings Association.

On March 26, 1958, petitioners filed a verified answer and counterclaim. On May 1, 1958, the defendant Western Cattle Feeders corporation filed its answer, and on May 7, 1958, answer was filed by defendant Eugene Melinkoff. On May 16, 1958, petitioners herein filed and served a notice of motion to dissolve the injunction pendente lite. In the affidavit of Gabriel Hoffenberg, filed in support of the motion, certain matters were set forth which occurred after the granting of the injunction pendente lite. Other affidavits in support of the motion were filed by defendant Sol Branker and by Jacob G. Efron.

On May 29, 1958, at the time set for the hearing of the motion of petitioners, counsel for the respondent Roy E.

Smith objected to the hearing of said motion to dissolve the injunction pendente lite on the ground that the court did not have jurisdiction to dissolve or modify it, and on June 2, 1958, the trial court entered the following minute order: ''Ruling on motion to dissolve injunction pendente lite. Plaintiffs objection to the hearing of defendants' motion to dissolve injunction pendente lite is sustained.''

Petitioners herein did not appeal from the order of March 27, 1958, granting the injunction pendente lite and on June 20, 1958, filed their petition for a writ of mandate herein to compel the trial court to hear and determine on its merits their motion to dissolve the injunction.

█ In *Robinson* v. *Superior Court,* 35 Cal.2d 379, 383 [218 P.2d 10], the court said: ''The law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty. This is so even where the trial court's refusal to pass on the merits is based on the considered but erroneous belief that it has no jurisdiction as a matter of law to grant the relief requested. As stated in *Temple* v. *Superior Court,* 70 Cal. 211, 212 [11 P. 699], 'the court cannot, by holding without reason that it has no jurisdiction of the proceeding, divest itself of jurisdiction, and evade the duty of hearing and determining it.' Mandate will issue to compel a hearing and determination of the merits where the court has merely sustained an objection on jurisdictional grounds and left the proceeding pending. (*Lissner* v. *Superior Court,* 23 Cal.2d 711 [146 P.2d 232] ; *Miller* v. *Municipal Court,* 22 Cal.2d 818 [142 P.2d 297] ; *Conklin* v. *Superior Court,* 1 Cal.2d 601 [36 P.2d 386].)''

█ In *Sontag Chain Stores Co.* v. *Superior Court,* 18 Cal.2d 92, 94 [113 P.2d 689], it was held that a trial court has inherent power, upon motion, to modify or vacate a preventive injunction upon a showing that the ends of justice will be served or where there has been a change in the controlling facts upon which the injunction rested.

█ In *Woods* v. *Corsey,* 89 Cal.App.2d 105, 113 [200 P.2d 208], the court said: ''In any event, since the decree is a continuing one of a preventive nature, it is, under familiar equitable principles, always subject to modification upon application to the trial court if its continued enforcement in the future in its present form would effect an injustice. [Citation.]''

In the instant case the reporter's transcript of the proceedings before the trial court on May 29, 1958, attached to petitioners' memorandum in support of their petition and filed in this court on November 3, 1958, shows that the motion to dissolve the injunction pendente lite was not heard on its merits. The said reporter's transcript shows that counsel for respondents objected to the hearing of petitioners' motion on the ground that the court had no jurisdiction to modify or dissolve or set aside an order made upon a hearing granting an injunction pendente lite. *United Railroads* v. *Superior Court*, 170 Cal. 755 [151 P. 129, Ann.Cas. 1916E 199], was cited in support of this contention. After arguments of counsel in which counsel for petitioners cited the Sontag case, *supra*, as overruling the United Railroads case, *supra*, the record shows that the following took place:

"THE COURT: Well, I want a chance to read these authorities you cited. The matter may stand submitted. I will have a decision for you not later than Monday, June 21.

"MR. THOMPSON: That is on the question of jurisdiction now?

"THE COURT: Both.

"MR. THOMPSON: Wait a minute. If your Honor should rule you have jurisdiction, I want to file a counter affidavit. But I can't do that until your Honor has ruled on the question of jurisdiction.

"THE COURT: Well, then I will have a ruling on the question of jurisdiction by Monday. If I rule the Court has jurisdiction, I will allow you time to file the affidavit.

"MR. THOMPSON: Very well.

"THE COURT: Then you would want a new time set for the argument on the motion itself.

"MR. THOMPSON: That will be all right.

"MR. HOFFENBERG: Yes, your Honor. But it seems to me as though we are getting drawn out pretty well on it.

"MR. THOMPSON: I am going to stand on this jurisdiction question, Counsel, until and unless I am proved wrong. Your Honor has the citations?

"THE COURT: Yes."

Under the rules stated in *Sontag* v. *Superior Court* and *Woods* v. *Corsey, supra,* the trial court herein had jurisdiction to consider and pass upon the petitioners' motion and to determine whether there had been a change in the controlling factors upon which the injunction rested or whether the ends of justice would be served by modification of the

order. Since the court merely sustained an objection on jurisdictional grounds and left the proceedings pending, it follows that petitioners are entitled to a writ of mandate to compel a hearing and determination on the merits of petitioners' motion.

Let a writ of mandate issue as prayed for.

Griffin, P. J., and Shepard, J., concurred.