[L. A. No. 24992.   In Bank.   Aug. 10, 1959.]

UNION INTERCHANGE, INC. (a Corporation) et al., Respondents, v. WYNNE A. SAVAGE, as Real Estate Commissioner, et al., Appellants.

602

Edmund G. Brown and Stanley Mosk, Attorneys General, Lee B. Stanton and Neal J. Gobar, Deputy Attorneys General, for Appellants.

Alvin G. Greenwald for Respondents.

TRAYNOR, J.—On September 2, 1955, plaintiffs filed a complaint for declaratory relief and injunction, seeking a declaration that their business operations were outside the scope of certain amendments to the Business and Professions Code relating to the regulation of real estate and business opportunities transactions. (Bus. & Prof. Code, §§ 10026, 10131, 10132, 10134, 10252, 10252.5, 10253, 10253.5, 10255, 10305, 10501, 10502, 10506.) In the alternative they sought a declaration that those sections were unconstitutional. They claimed that the application of those sections to their business activities would violate constitutional guarantees of freedom of speech and press, due process of law, and equal protection of the law, and would contravene the commerce clause of the United States Constitution. They sought a preliminary injunction to stay enforcement of the amendments pending the action for declaratory relief and a permanent injunction restraining such enforcement after hearing and decision on the merits. After service of notice on defendants and a hearing on the order to show cause, the court on October 24, 1955, granted the preliminary injunction. That order restrains defendants "pending the determination of this cause, from interfering with the plaintiffs, their agents, servants, and employees, by instituting any criminal complaint, action or proceeding against them for violation of . . . the Advance Fee Amendments." No appeal was taken from the order.

On October 1, 1957, defendants presented a motion to vacate the preliminary injunction with supporting affidavits and points and authorities. The motion was based on the grounds that plaintiffs' activities were unlawful under legislation enacted before the effective date of the advance fee amendments, and that "a recent decision of the trial court in Connecticut held that the operations of the plaintiffs and cross-defendants were subject to the Connecticut Advance Fee Law which is substantially the same as that of California, and said court upheld the constitutionality of said law."[1] Defendants ap-

[1]The decision has since been reversed by the Supreme Court of Errors of Connecticut which held the legislation unconstitutional. (*United Interchange* v. *Spellacy*, 144 Conn. 647 [136 A.2d 801].)

peal from an order of the trial court denying the motion to vacate the preliminary injunction.

Plaintiffs contend that the order must be affirmed on the ground that the trial court lacked jurisdiction to vacate the temporary injunction pending the trial on the merits. This contention lacks merit. ▮ In *Sontag Chain Stores Co.* v. *Superior Court,* 18 Cal.2d 92 [113 P.2d 689], we held that a trial court has inherent power to modify or vacate a permanent preventive injunction upon a showing that ''there has been a change in the controlling facts upon which the injunction rested, or the law has been changed, modified or extended, or where there the ends of justice would be served by modification.'' (18 Cal.2d at 95.) We recognized in that case that although ''it is the long established policy of the law to . . . accord finality to judgments,'' the trial courts must be given power to modify or dissolve preventive injunctions issued by them. This power is necessary because a preventive injunction is fundamentally different from any other judgment or decree: it ''is in essence of an executory or continuing nature, creating no right but merely assuming to protect a right from unlawful and injurious interference.'' (18 Cal.2d at 94.)

▮ When it can be shown that circumstances have so changed that an injunction is no longer necessary or desirable, the trial court has power to amend it in the interest of providing justice for all parties in interest. ''The court's power in this respect is an inherent one.'' (18 Cal.2d at 94.)

▮ The fact that a preventive injunction purports to be ''permanent'' or ''preliminary'' in form is not significant. Unforeseeable circumstances necessitating modification or dissolution of the injunction may occur in either case. ▮ When the decree is continuing in nature, directed at future events, it must be subject to adaptation as events may shape the need. In the case of a preliminary injunction, there may be need for adaptability to maintain the status quo pending final determination of the matter in controversy. It would be incongruous to hold that the trial court has inherent power to modify a permanent preventive injunction, but lacks the power to modify a preliminary or temporary preventive injunction that may remain in force for years.[2]

▮ This power has been recognized in such cases as *Wheeler* v. *Superior Court,* 82 Cal.App. 202 [255 P. 275],

[2]The injunction in the present case, for example, was issued on October 24, 1955.

which held that the trial court had jurisdiction to modify or suspend a preliminary injunction when that right was reserved in the order. (See also *State Comp. Ins. Fund* v. *Maloney,* 121 Cal.App.2d 33, 43 [262 P.2d·662]; *Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649, 666-667 [242 P. 725].) These cases support the view that the power to modify or revoke a preliminary injunction is an inherent power not dependent upon statute, and that it was not the purpose of section 532 of the Code of Civil Procedure to limit the trial court's discretion to modify its orders when fairness and equity so require.[3] ■ That section authorizes a motion to dissolve when a preliminary injunction was granted without notice. Plaintiffs' contention that the section prevents the dissolution of a preliminary injunction granted on notice is inconsistent with the theory and holding of the cited cases. If a trial court does not have power to dissolve a preliminary injunction except in the manner provided by that statute, it is immaterial that it purports to retain such jurisdiction. The court could not by decree restore such jurisdiction in the face of valid statutory exclusion.

■ Moreover, to require a specific reservation in the order to retain jurisdiction in the trial court would seem to place undue emphasis on formalism. Such a requirement is not justified simply because the injunction is "temporary" in form. ■ The rationale of *United Railroads* v. *Superior Court,* 170 Cal. 755 [151 P. 129, Ann.Cas. 1916E 199], that the status of a case pending decision on the merits must be "definitely and finally determined once and for all," (170 Cal. at 759) has been rejected and the case itself distinguished and modified in numerous later cases. (*Sontag Chain Stores Co.* v. *Superior Court,* 18 Cal.2d 92, 95-96 [113 P.2d 689] [citing *Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 P. 725]; *Wheeler* v. *Superior Court,* 82 Cal.App. 202 [255 P. 275]; see also *American Trading Co.* v. *Superior Court,* 192 Cal. 770 [222 P. 142]; *Branker* v. *Superior Court,* 165

[3]Section 532 provides, in part, that: "If an injunction is granted without notice to the person enjoined, he may apply, upon reasonable notice to the judge who granted the injunction, or to the court in which the action was brought, to dissolve or modify the same." It would seem that the section was meant to serve as a guarantee that a party would have at least one hearing on the matter, rather than as a general restriction on the equity power of the courts. The quoted part of the section was rendered meaningless by a 1911 amendment to the statute prohibiting the granting of a preliminary injunction without notice to the opposite party. (Code Civ. Proc., § 527.)

Cal.App.2d 816 [332 P.2d 711].) We have concluded therefore, that the United Railroads case should be overruled, and that the rule of the Sontag case applies to preliminary as well as permanent preventive injunctions. (See *Branker* v. *Superior Court*, 165 Cal.App.2d 816 [332 P.2d 711].) Thus, in the instant case the trial court had jurisdiction to consider and pass upon defendants' motion and to determine whether there has been a change in the controlling factors upon which the injunction rested or whether the ends of justice would be served by modification of the order.

Although the trial court had jurisdiction to entertain the motion, we have concluded that it did not abuse its discretion in refusing to vacate the preliminary injunction pending a hearing on the merits. "It is a rule so universally followed and so often stated as to need only to be referred to that the granting, denial, dissolving or refusing to dissolve a permanent or preliminary injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case." (*Kendall* v. *Foulks*, 180 Cal. 171, 174 [179 P. 886].) Such an order will not be modified or dissolved on appeal except for an abuse of discretion. (*People* v. *Black's Food Store*, 16 Cal.2d 59, 61 [105 P.2d 361]; *McCoy* v. *Matich*, 128 Cal.App.2d 50, 52 [274 P.2d 714]; *Wilms* v. *Hand*, 101 Cal.App.2d 811, 815 [226 P.2d 728].)

Defendants contend that it was an abuse of discretion for the trial court to refuse to dissolve the injunction on the grounds that: (1) the Advance Fee Amendments to the Business and Professions Code (Stats. 1955, chap. 1678) are constitutional on their face; (2) as a matter of law plaintiffs' activities fall within the proscription of that legislation; and that (3) as a matter of law the injury to the public from plaintiffs' activities far outweighs any possible injury to plaintiffs from a refusal to enjoin the enforcement of the statute pending a final determination on the merits. These contentions lack merit. No change of circumstances since the injunction was originally issued is urged for now amending or dissolving it. Since there is substantial doubt as to the constitutionality of the statute (see *United Interchange* v. *Harding*, 154 Me. 128 [145 A.2d 94] [Maine]; *United Interchange* v. *Spellacy*, 144 Conn. 647 [136 A.2d 801] [Conn.], holding similar legislation unconstitutional), the trial court could well have found that irreparable injury would result from a refusal to con-

tinue to enjoin its enforcement until a final determination is made on the merits. Moreover, in light of the conflicting affidavits before the trial court, it cannot be said as a matter of law that plaintiffs' activities fall within the scope of the challenged legislation or that it is constitutional as it is sought to be applied to them. These questions can be determined more appropriately after a trial on the merits.

The order is affirmed.

Gibson, C. J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.