[No. B016390. Second Dist., Div. Seven. May 8, 1987.]

NEW TECH DEVELOPMENTS et al., Plaintiffs and Appellants, v.
BANK OF NOVA SCOTIA, Defendant and Respondent.

COUNSEL

James Toledano for Plaintiffs and Appellants.

Musick, Peeler & Garrett and Bruce A. Bevan, Jr., for Defendant and Respondent.

OPINION

**JOHNSON, J.**—Appellants New Tech Developments and California Digital, Inc. (New Tech) appeal the dissolution of a preliminary injunction granted by the trial court even though the previously enjoined act has now been completed. The sole question raised on appeal is whether it is within the jurisdiction of one superior court judge to dissolve an injunction issued by another superior court judge under section 533 of the Code of Civil Procedure when no evidence of new facts or changed circumstances is presented to the second judge. New Tech asks us to reverse the order dissolving the preliminary injunction, reinstate that injunction and order respondent Bank of Nova Scotia to return $267,695 to Union Bank. We decline appellants' invitation to put Humpty-Dumpty back together again and affirm the order.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

Plaintiffs filed a complaint against Bynamics, Inc., an Ontario corporation (Bynamics), Bank of Nova Scotia and Union Bank for breach of contract, fraud, declaratory relief, rescission and injunction. This action arose from the following facts. Plaintiffs contracted to buy certain goods from Bynamics. Pursuant to an agreement, they applied for an irrevocable letter of credit

drawn on Union Bank to provide for payment up to $292,195 to Bynamics, payable through Bank of Nova Scotia, on the account of California Digital, Inc. after presentation of sight drafts 90 days after date of shipment and receipt of appropriate documentation of the shipment.

Union Bank issued the letter of credit which was to be paid 90 days after shipment. Upon receipt of the goods plaintiffs advised Union Bank of their acceptance and authorized Union Bank to communicate this to Bank of Nova Scotia. At Bynamics's request Bank of Nova Scotia sent drafts drawn under the letter of credit to Union Bank. Union Bank accepted the drafts and returned them to Bank of Nova Scotia. Subsequently Bank of Nova Scotia purchased these drafts from Bynamics. Thus, Bynamics was paid for the underlying transaction.

Some time later plaintiffs determined the goods were unsatisfactory and that Bynamics was going out of business. Plaintiffs filed suit, sought and were granted a temporary restraining order to stop payment on the letter of credit on June 3, 1985, the day before payment on the drafts became due. On June 18, 1985, Judge Pro Tempore Hyman O. Danoff issued a preliminary injunction. On July 16, 1985, Bank of Nova Scotia moved to dissolve the preliminary injunction (Code Civ. Proc., § 533) claiming there was insufficient ground for its issuance. The matter was heard before Judge Robert N. Mallano who dissolved the preliminary injunction. The next day on July 17, Union Bank made payment on the drafts to Bank of Nova Scotia. New Tech timely appealed.[1]

## I. UNDER THE FACTS OF THIS CASE JUDGE MALLANO HAD JURISDICTION TO HEAR THE MOTION TO DISSOLVE

 Bank of Nova Scotia's motion for dissolution of the preliminary injunction pursuant to section 533 (Code Civ. Proc.)[2] was granted by Judge Mallano in a subsequent proceeding. New Tech contends the motion was

---

[1]An order dissolving an injunction is expressly appealable. (Code Civ. Proc., § 904.1, subd. (f).) Respondent contends the appeal is moot because the enjoined act, payment of the drafts to Bank of Nova Scotia by Union Bank pursuant to the letter of credit, has occurred. Since reversal would only involve a simple electronic retransfer of funds, this does not appear moot. But we need not reach that problem since we affirm.

New Tech also contends Bank of Nova Scotia probably had no standing to oppose the injunction. New Tech is mistaken. Even though the object of the preliminary injunction was Union Bank, its enforcement affected Bank of Nova Scotia making it an aggrieved party. Bank of Nova Scotia is a successor to Bynamics since it has purchased the letter of credit. (See generally 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 44, p. 71.)

[2]Section 533 (Code Civ. Proc.) provides: WHEN TO BE VACATED OR MODIFIED "If upon such application it satisfactorily appear that there is not sufficient ground for the injunction, it must be dissolved; or if it satisfactorily appear that the extent of the injunction is too great, it must be modified."

improperly brought bef ore Judge Mallano. We conclude under the facts of this case Judge Mallano had jurisdiction to hear the motion.

The matter was assigned to Hyman O. Danoff, a retired commissioner, who was sitting as judge pro tempore. ■ The general rule is once a matter has been assigned to one department of the superior court for hearing and determination, and there has been no final disposition, "it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned." (*Williams* v. *Superior Court* (1939) 14 Cal.2d 656, 662 [96 P.2d 334].) The policy basis for such a rule is clear. It prevents the certain confusion generated by "conflicting adjudications of the same subject-matter by different departments of the one court" (*ibid.*) and invidious forum-shopping within the superior court.

■ "The appointment of a temporary judge to hear a particular 'cause' carries with it the power to act until the final determination of *that proceeding.*" (*Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 10 [118 Cal.Rptr. 21, 529 P.2d 53] [italics in original].) This means the judge pro tempore has the authority to hear the matter if the parties so stipulated (Cal. Const., art. VI, § 21, *Anderson* v. *Bledsoe* (1934) 139 Cal.App. 650, 651 [34 P.2d 760]),[3] but it does not mean that only the judge pro tempore is empowered to rule on the matter. Although the record does not reveal details of Commissioner Danoff's tenure as a judge pro tempore, it does indicate he was unavailable to preside over the subsequent hearing. The record at the hearing on the motion to dissolve contains the following:

"Mr. Toledano: . . .The motion provides no change of facts and no changed law, and that I think is conceded. In fact, what this really is is a motion for reconsideration. This court is being asked to reconsider what Commissioner Danoff did.

"The Court: He is not here.

"Mr. Toledano: Exactly. Under 1008—

"The Court: He sat for a couple of weeks for vacation leave."

This case is distinguishable from *Ford* v. *Superior Court* (1986) 188 Cal.App.3d 737 [233 Cal.Rptr. 607]. In *Ford* a judgment was entered against

---

[3]The record does not show the parties stipulated to a temporary judge. At oral argument, however, this court was advised the practice in that trial court is to deem the parties have stipulated to a temporary judge if they do not object at the time the motion is to be heard.

plaintiffs. (*Id.*, at p. 740.) They subsequently sought a preliminary injunction from a second judge in a different department to restrain the superior court and clerk of the superior court from executing the judgment. (*Id.*, at p. 741.) That judge denied their application without prejudice to allow them to apply to the issuing judge. (*Ibid.*) Plaintiffs then filed again in another department. The third judge dismissed the matter noting it had no jurisdiction. (*Ibid.*) On appeal the court affirmed the order of dismissal for lack of jurisdiction over the subject matter following the rule one department of the superior court cannot enjoin, restrain, or interfere with the judicial act of another department. (*Id.*, at p. 742.)

In the instant case Commissioner Danoff was unavailable. Although he would have had authority to hear the motion had he been available, his unavailability did not preclude Bank of Nova Scotia from moving to dissolve the injunction or Judge Mallano from ruling on the motion. A judge pro tempore may have authority to hear a matter until its final determination but this power does not, as in this case, prohibit a party from seeking equitable relief when that temporary judge is unavailable.

Similarly *In re Kowalski* (1971) 21 Cal.App.3d 67 [98 Cal.Rptr. 444] does not apply to this case. In *Kowalski* two available judges made inconsistent rulings in a single case. Defendant's motion to set aside his indictment (Pen. Code, § 995) was denied by one judge. (*Id.*, at p. 69.) Defendant went to trial before a second judge who granted his motion for a mistrial and invited defendant's renewal of his 995 motion. That judge then granted defendant's motion for dismissal. (*Ibid.*) Subsequently defendant came before the first judge who ordered a new trial date and fixed bail on the basis the second judge acted in excess of his jurisdiction. (*Id.*, at pp. 69-70.) The court of appeal granted defendant's petition for habeas corpus on the basis orders made after a dismissal are void even though the second judge had abused his discretion when considering matters already ruled upon by the first judge. (*Id.*, at pp. 70-71.) (See also *People* v. *Locklar* (1978) 84 Cal.App.3d 224, 230 [148 Cal.Rptr. 322] [second judge's granting of motion to consolidate was not jurisdictional error].) If Commissioner Danoff had been available the matter should have appropriately been reheard before him. Such was not the case.

II. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DISSOLVING THE PRELIMINARY INJUNCTION

 New Tech contends this injunction should not have been dissolved —even by the judge who issued it—because it had been granted with notice to the parties and Bank of Nova Scotia did not show a change in facts or law or the ends of justice would be served by its dissolution. In sum, New

Tech's position is an injunction cannot be dissolved unless it was granted without notice citing as authority *Ots* v. *Superior Court* (1909) 10 Cal.App. 168 [101 P.431]. New Tech argues the power to modify or vacate an injunction is limited to "(a) motions made before the judge who granted the injunction, (b) where there is a change of circumstances or a change in the law, (c) in order better to preserve the equities and the ends of justice." New Tech also inconsistently claims: "Only if the circumstances of the second order is supported by evidence or compliance with all of the necessary conditions outlined in the cases did the second judge have any authority to act as he did."

It is true, as New Tech concedes, section 532, subdivision (a) (Code Civ. Proc.)[4] expressly allows a person enjoined without notice to apply to the judge who granted the motion *or* to the court to dissolve or modify the injunction. However, this does not mean the Legislature intended to preclude an enjoined party from relief because an injunction was granted against it *with* notice. It is likewise true that in 1909, a court of appeal held a superior court had no right to modify a temporary injunction it had issued if the injunction had been granted with notice. (*Ots* v. *Superior Court, supra,* 10 Cal.App. at p. 169.) Relying on the language of section 532 (Code Civ. Proc.), the *Ots* court reasoned only an injunction issued without notice could be dissolved or modified. It concluded any order made *with* notice could be appealed. (*Id.,* at pp. 169-170.) However, the California Supreme Court disapproved this holding in *Sontag Chain Stores Co.* v. *Superior Court* (1941) 18 Cal.2d 92, 95 [113 P.2d 689].

In *Sontag* the Supreme Court held the general rule a decree in controversy cannot be set aside for judicial error, error of law or change of decision does not apply to preventive injunctions because they are of an executory or continuing nature which protects a right from interference. (*Id.,* at p. 94.) It recognized prior California cases differed but concluded these cases either did not deal with preventive injunctions or had been modified or distinguished by later rulings. (*Id.,* at p. 95.) *Ots* v. *Superior Court, supra,* 10 Cal.App. 168 was one of the cases the Supreme Court included in this list.

Thus under current law, the usual remedies against a void or erroneous injunctive order are moving to dissolve or modify the order or to appeal it. (6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, § 328, pp. 276-277.)

---

[4]Section 532, subdivision (a) states in pertinent part: "If an injunction is granted without notice to the person enjoined, the person may apply, upon reasonable notice to the judge who granted the injunction, or to the court in which the action was brought, to dissolve or modify the injunction."

██ A superior court should modify or vacate an injunction upon motion by the enjoined party if it finds a change in the facts *or* law *or* the ends of justice would be served by modifying or revoking the injunction. (*Harbor Chevrolet Corp.* v. *Machinists Local Union 1484* (1959) 173 Cal.App.2d 380, 384 [218 Cal.Rptr. 684]; *Sontag Chain Stores Co.* v. *Superior Court, supra,* 18 Cal.2d 92, 94-95.) This rule applies to preliminary injunctions as well as permanent injunctions. (*Union Interchange, Inc.* v. *Savage* (1959) 52 Cal.2d 601, 606 [342 P.2d 249].)

██ Respondent contends the preliminary injunction issued by Commissioner Danoff was contrary to section 5114 of the California Uniform Commercial Code. We agree. Section 5114, subdivision (2)(b)[5] has been construed to prohibit the enjoining of payment on a letter of credit. (*Agnew* v. *Federal Deposit Ins. Corp.* (N.D.Cal. 1982) 548 F.Supp. 1234, 1237.) In that case the court relied on comment 6 which explains the Legislature omitted language from the 1962 official text of the Uniform Commercial Code which would have allowed a court of appropriate jurisdiction to enjoin the honor of the draft. (Cal. U. Com. Code, com. to § 5114 [23B West's Ann. Cal. U. Com. Code (1964 ed.) pp. 719-721].) (*Agnew, supra,* 548 F.Supp. at p. 1238.) It denied plaintiffs' request for an injunction against the issuing banks on the basis California law does not permit enjoining payment on a letter of credit. (*Ibid.*)

Similarly, in *Mitsui Manufacturers Bank* v. *Texas Commerce Bank-Fort Worth* (1984) 159 Cal.App.3d 1051, 1058 [206 Cal.Rptr. 218] the court assumed, but did not hold, section 5114 (Cal. U. Com. Code) prohibited an injunction against the issuer of the letter of credit. It held, however, an injunction may issue against the beneficiary of the letter of credit. (*Id.,* at pp. 1057-1058.) In the instant case, the injunction prohibited Union Bank, issuer of the letter of credit, from making any payment to Bynamics and/or the Bank of Nova Scotia, not the beneficiary from receiving payment.

However, in *Wyle* v. *Bank Melli of Tehran, Iran* (N.D.Cal. 1983) 577 F.Supp. 1148, 1165 the court allowed injunctive relief against the issuing bank on the basis the California Legislature did not *expressly* prohibit enjoining payment of letters of credit. That court reasoned the Legislature

---

[5]Section 5114, subdivision (2)(b) states: "In all other cases as against its customer, an issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery or other defect not apparent on the face of the documents."

We do not understand New Tech's contention we cannot even consider the relevance of section 5114, subdivision (2)(b) because appellants rely on subdivision (2)(a).

New Tech appears to contend section 5114 supports its position it was entitled to injunctive relief because Bank of Nova Scotia purchased the letter of credit. We are not deciding here whether or not Bank of Nova Scotia is a holder in due course because in any event Union Bank as issuer of the letter of credit is entitled under section 5114, subdivision (2)(b) to pay on the letter of credit.

would not have intended to enjoin payment on a letter of credit when the beneficiary Bank Melli was present in the jurisdiction and subject to service of process and the seller's country would not provide an alternative forum to resolve the dispute. (*Ibid.*) The *Wyle* court provided no authority for its decision and we are neither bound nor persuaded by its reasoning.

■ "The granting of a preliminary injunction is within the discretion of the trial court and *its action with respect to* the denying or *dissolving of a preliminary injunction* theretofore granted *will not be disturbed on appeal, except where it appears that the trial court has abused its discretion* [citations omitted]." (*Harbor Chevrolet Corp.* v. *Machinists Local Union 1484, supra,* 173 Cal.App.2d 380, 384 [italics added].)

■ We conclude there was no abuse of discretion in dissolving the preliminary injunction because its initial issuance was contrary to statutory law.[6] (7) Injunctions which facially enjoin a party from engaging in constitutionally or statutorily authorized activities are beyond the jurisdiction of the court and void. (*People* v. *Kelley* (1977) 70 Cal.App.3d 418, 422 [138 Cal.Rptr. 681].) The ends of justice are not served if the aggrieved parties cannot obtain relief from an improperly issued preliminary injunction.

CONCLUSION

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied June 8, 1987, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied July 29, 1987.

---

[6]New Tech argues Bank of Nova Scotia cannot now complain about the injunction because it did not appeal the original injunction and meet its burden of showing Commissioner Danoff abused his discretion in issuing the injunction. We find this contention is meritless.